IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAAVO INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| AMAZON.COM., INC. and | ) |
| AMAZON WEB SERVICES, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff Kaavo Inc. ("Kaavo"), by and through the undersigned counsel, alleges as follows:

### THE PARTIES

1.      Kaavo is a Delaware corporation with a place of business at 9600 Great Hills Trail, Suite 150W, Austin, Texas 78759.

2.      Defendant Amazon.com, Inc. is a Delaware corporation with, upon information and belief, a place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

3.      Defendant Amazon Web Services, Inc. is a Delaware corporation with, upon information and belief, its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

### JURISDICTION AND VENUE

4.      This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

5.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

6.     Upon information and belief, Defendants conduct substantial business in this forum, directly or through intermediaries, including:  (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

7.     Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## BACKGROUND

8.     On May 26, 2015, United States Patent No. 9,043,751 (the "'751 patent"), entitled "Methods and Devices for Managing a Cloud Computing Environment," was duly and lawfully issued by the U.S. Patent and Trademark Office.  A true and correct copy of the '751 patent is attached hereto as Exhibit A.

9.     Kaavo is the assignee and owner of the right, title and interest in and to the '751 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

10.    Kaavo is a cloud computing company that has invested substantial resources into the development and sale of software for automating the deployment and management of applications, workloads, and IT environments across public, private, and hybrid clouds.

11.    Kaavo was founded in 2007 by enterprise IT veterans with experience in delivering and managing mission critical IT applications and business services.  In recognition of its groundbreaking technological developments in the field of cloud computing, Kaavo has received accolades from leading industry sources such as Gartner, TechTarget, and InformationWeek.

12.    Kaavo has invested a significant amount of financial and intellectual capital into

the development of pioneering technologies such as the methods and devices for managing a cloud computing environment that are disclosed in the '751 patent.

13.     Indeed, Kaavo's IMOD product currently utilizes the technology covered by the '751 patent.

14.     As third parties, such as Defendants, began using and offering to customers Kaavo's patented technology related to managing cloud computing environments without Kaavo's authorization or permission, Kaavo's business suffered through at least the loss of sales resulting from the violation of Kaavo's right to exclude others from using its patented technology.

15.     The technologies recited in the claims of the '751 patent provide inventive concepts and do not claim an abstract idea.  The inventive concepts of the '751 patent greatly enhance and facilitate the operation of cloud management computer systems through use of hardware and software.  For example, software is deployed according to strict deployment rules based on provided provisioning information and using optimal cloud resources, thus improving the functioning of a cloud management computer system.  Exh. A. at col. 14, ll. 9-13.

16.     A key and inventive component of the '751 patent is the claimed management system, methods, and devices for managing a cloud computing environment to ensure reliability and optimal performance.

17.     The technology claimed in the '751 patent does not preempt all ways for setting up and managing a computer environment.  For example, the claims apply only to a specific type of computer environment:  cloud computing.  Further, independent claims, such as claim 11, 15 and 18, require making available to a software application, through provisioning information comprising types of servers to launch in each tier, geographic data, security requirement data,

pricing preference data, and versioning data, two or more tiers of a cloud environment configurations based on an initialization event, and sending software application data to cause the software application to begin execution in the available tiers of the cloud computing environment.  Applications running in a cloud environment need not be managed in this way.  For example, numerous combinations of provisioning information exist that may be used to initialize two or more tiers of a cloud environment configuration, such as one or more – but not all – of types of servers to launch in each tier, geographic data, security requirement data, pricing preference data, and versioning data.

18.     Defendants can set up and manage computer environments without infringing the '751 patent.  For example, the prior art cited on the face of the '751 patent remains available for practice by the Defendants, and the '751 patent claims do not preempt practice of those prior art methods.   For example, U.S. Published Patent Application No. 2007/0233698, entitled "Distributed Computing System Having Autonomic Deployment of Virtual Machine Disk Images" and U.S. Published Patent Application No. 2010/0042670, entitled "Integrated Development Engine for a Cloud Computing Environment."

19.     The '751 patent claims cannot be practiced by a human alone and there exists no human analogue to the methods claimed in the '751 patent.  The claims are specifically directed to management of a cloud computing environment – a thing that exists only in the context of computers.

20.     The dependent claims of the '751 patent add additional limitations demonstrating that they are also not directed to any abstract ideas, contain inventive concepts, and do not preempt all ways of setting up and managing computer environments.  Defendants can set up and manage computer environments without infringing any of these claims.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,043,751

21.     Kaavo repeats and realleges the allegations of paragraphs 1 through 20 as if fully set forth herein.

22.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendants have infringed and continue to infringe the '751 patent by making, using, importing, offering for sale, and/or selling methods and systems for initializing and managing a cloud computing environment for use by a software application, including, but not limited to AWS CloudFormation, which are covered by one or more claims of the '751 patent.

23.     Kaavo is entitled to recover from Defendants the damages sustained by Kaavo as a result of Defendants' infringement of the '751 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

24.     Defendants' use of Kaavo's patented technology to build and profit from their own cloud computing businesses has caused, is causing and will continue to cause Kaavo irreparable harm unless enjoined by this Court.

### JURY DEMAND

Kaavo hereby demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Kaavo requests that this Court enter judgment against Defendants as follows:

A.     An adjudication that Defendants have infringed the '751 patent;

B.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in

active concert or participation with them, from making, using, offering to sell, or selling in the United States or importing into the United States any devices, methods or systems that infringe any claim of the '751 patent, or contributing to or inducing the same by others;

C.    An award of damages to be paid by Defendants adequate to compensate Kaavo for Defendants' past infringement of the '751 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Kaavo's reasonable attorneys' fees; and

E.    An award to Kaavo of such further relief at law or in equity as the Court deems just and proper.

Dated:  July 24, 2015

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
Richard C. Weinblatt #5080
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff*
*Kaavo Inc.*