IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAAVO INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-638-LPS-CJB |
| | ) | |
| AMAZON.COM INC. and AMAZON WEB SERVICES INC., | ) | |
| | ) | |
| Defendants. | ) | |
| KAAVO INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-639-LPS-CJB |
| | ) | |
| BMC SOFTWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| KAAVO INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-640-LPS-CJB |
| | ) | |
| TIER 3, INC., APPFOG, INC. and SAVVIS COMMUNICATIONS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| KAAVO INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-641-LPS-CJB |
| | ) | |
| COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

Before the Court are motions to stay (the "Motions") filed by Defendants Amazon.com Inc. and Amazon Web Services Inc. (collectively, "Amazon"), BMC Software, Inc., Tier 3, Inc., AppFog, Inc., Savvis Communications Corp., and Cognizant Technology Solutions Corp. (collectively, "Defendants") in these related patent infringement actions. (D.I. 15; D.I. 13, Civil Action No. 15-639-LPS-CJB; D.I. 15, Civil Action No. 15-640-LPS-CJB; D.I. 14, Civil Action No. 15-641-LPS-CJB) The Motions are opposed by Plaintiff Kaavo Inc. ("Plaintiff" or "Kaavo").[1] The Court hereby GRANTS the Motions for the reasons stated below:

1. The Court assumes familiarity with its decision to grant similar motions to stay in Civil Action Nos. 14-1192-LPS-CJB and 14-1193-LPS-CJB (collectively, "*Kaavo I*").

2. A court has discretionary authority to grant a motion to stay. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60-61 (3d Cir. 1985). This Court has typically considered three factors when deciding such a motion: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g., FMC Corp. v. Summit Agro USA, LLC*, Civil Action No. 14-51-LPS, 2014 WL 3703629, at *2 (D. Del. July 21, 2014); *Cooper Notification, Inc. v. Twitter, Inc.*, Civ. No. 09-865-LPS, 2010 WL 5149351, at *1 (D. Del. Dec. 13, 2010).

3. In the instant case, the record is little different than that in *Kaavo I*. If anything,

---

[1] Citations herein are to the docket in Civil Action No. 15-638-LPS-CJB unless otherwise noted.

the facts are slightly more favorable for Defendants than they were at the time of the Court's decision in *Kaavo I*.

4. With regard to the simplification factor, as in *Kaavo I*, these cases involve allegations of infringement of a single patent—here, United States Patent No. 9,043,751 (the "'751 patent"), a child of the patent at issue in *Kaavo I*. (D.I. 1; D.I. 16 at 2, Civil Action No. 15-640-LPS-CJB) The patent-in-suit (as was the case in *Kaavo I*) is currently the subject of pending motions to dismiss, which assert that the patent claims ineligible subject matter pursuant to 35 U.S.C. § 101.[2] (*See, e.g.*, D.I. 13) And in light of the fact that *Kaavo I* is stayed, and because there is likely to be significant overlap of discovery between *Kaavo I* and these cases, the Court agrees with Defendants that there could be some inefficiency in "allow[ing] this case to proceed where a related case involving the parent patent and the same parties is stayed." (D.I. 16 at 3); *cf. St. Clair Intellectual Prop. Consultants, Inc. v. Motorola Mobility LLC*, Civil Action No. 11-1305-LPS, 2012 WL 4321743, at *1 (D. Del. Sept. 20, 2012). For these reasons, the Court believes that this factor weighs in favor of a stay.

5. With regard to the status of the litigation factor, as with *Kaavo I*, these cases are at a very early stage. The Motions were filed before a Case Management Conference was held. No Scheduling Order has yet been entered and discovery has not yet begun. With the Court and the parties having invested relatively few resources in the cases since their filing, this factor strongly

---

[2] Plaintiff argues that because the patent-in-suit was issued after the Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), the Court can conclude that it is more likely to survive a Section 101 challenge than a patent (like that in *Kaavo I*) that was issued prior to *Alice*. (D.I. 19 at 2-3) Were there evidence in the record to support this assertion, such as statistical evidence as to case outcomes involving patents issued before and after *Alice*, Plaintiff's argument might have more weight. No such evidence is in the record, however.

favors a stay. *See, e.g., Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 507-08 (D. Del. 2012) (coming to the same conclusion, where the case was "in its very early stages" as "[n]o initial disclosures have been exchanged, no Scheduling Order has been entered [and] no discovery has occurred").

      6.    With regard to the undue prejudice factor, here the parties direct much of their focus to whether Plaintiff has demonstrated that it is a direct competitor of Defendants. In light of the sparse record before it in *Kaavo I*, in which no real evidence of direct competition was set out, the Court there could conclude only that Plaintiff and Defendants appeared to be participants in a very broadly defined market for cloud computing network services. *See Kaavo Inc. v. Cognizant Tech. Solutions Corp.*, Civil Action No. 14-1192-LPS-CJB, Civil Action No. 14-1193-LPS-CJB, 2015 WL 1737476, at *4 (D. Del. Apr. 9, 2015) Despite having months to make a stronger showing on this score, Plaintiff now simply offers similar evidence to what it offered in *Kaavo I*: exhibits demonstrating only that the language Defendants use to advertise their products on their websites bears some similarity to the way Plaintiff describes its IMOD product.[3] But Plaintiff provides no evidence that it has ever directly competed with any of the

---

      [3]    (*See, e.g.*, D.I. 21, ex. A at 1 (Kaavo's IMOD "automatically brings online one or multi-server systems, configures data and access security, configures middleware, deploys applications/workloads and initiates all dependent services in the correct order. This allows users to set up development, test and production environments within minutes across one or more cloud domains and physical machines."); *id.*, ex. B at 3 ("AWS CloudFormation supports a wide range of AWS resources, allowing you to build a highly available, reliable, and scalable AWS infrastructure for your application needs."); *id.*, ex. D at 14 ("BMC Cloud Lifecycle Management is a cloud management platform that automates the rapid provisioning of multi-tier IT services across cloud and non-cloud platforms."); *id.*, ex. E at 21 ("Cloud360 provides a self-service portal, template-based service catalogs and configurable workflows to accelerate cloud application deployment, reduce errors and empower end-users. With Cloud360, applications can be deployed in minutes instead of weeks, increasing employee productivity and reducing time-to-market."); *id.*, ex. G at 4 ("Instead of spending time provisioning servers, setting up databases,

Defendants in order to obtain any particular customer's business, nor evidence that it shares customers in common with any Defendant. It does not identify any customer of any Defendant that it expects to engage or market to in the future. Nor does it provide any further detail as to the scope or definition of the relevant market that it and Defendants are said to compete in. A declaration from Plaintiff that addressed some of these areas (or that otherwise explained how it is clear that Defendants directly compete with Plaintiff), would have been helpful, but Plaintiff provided none.[4] And unlike in *Kaavo I*, here nearly all Defendants have come forward with declarations confirming that, so far as they know, they have never directly competed with Plaintiff. (*See, e.g.*, D.I. 17, exs. A-C, Civil Action No. 15-639-LPS-CJB) In the end, the record as to direct competition—a key subfactor with regard to the question of undue prejudice—is even stronger here for movants than it was in *Kaavo I*. And so, the undue prejudice factor weighs only slightly against a stay (if at all).

7. For all these reasons, the instant record more strongly favors a stay than in *Kaavo I*. The Court hereby GRANTS the Motions and ORDERS that these cases be stayed pending resolution of Defendants' motions to dismiss.

---

configuring web servers or updating firewalls, AppFog users simply deploy their cloud-native applications to a blazingly fast, resilient, multi-region platform. AppFog supports the most popular runtimes and frameworks, automatic load balancing, easy-to-use scaling and more."))

[4] Plaintiff did include as an exhibit a blog post that appears to have been written by someone at Kaavo (though the author is not referenced), which asserts that there are a lot of "similarities" between Kaavo's IMOD product and Amazon's accused AWS CloudFormation Service product, but states that there are some differences as well. (D.I. 21, ex. C) Yet in its briefing, Plaintiff neither specifically addresses this exhibit, nor discusses the exhibit's impact on the direct competition inquiry.

Dated: January 4, 2016

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE